IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
EL DORADO DIVISION

DAKOTA MATTING AND
ENVIRONMENTAL SOLUTIONS, LLC                                            PLAINTIFF

v.                              Case No. 1:22-cv-1048

TEXAS CLT, LLC                                                         DEFENDANT

## ORDER

Before the Court is Plaintiff Dakota Matting and Environmental Solutions, LLC's Motion for Default Judgment. ECF No. 8. No response is necessary, and the matter is ripe for consideration.

### I. BACKGROUND

On August 17, 2022, Plaintiff filed this action against Defendant Texas CLT, LLC. ECF No. 3. Plaintiff brings a breach of contract claim and a breach of implied warranty claim, alleging that Defendant sold defective timber matting to Plaintiff. On August 22, 2022, Plaintiff served its complaint and summons on Defendant. ECF No. 7. On October 3, 2022, Plaintiff filed the instant motion, asking the Court to enter default judgment against Defendant in the amount of $465,260, along with attorney's fees in the amount of $3,000 and "its cost." ECF No. 8, at 2. Plaintiff did not specify whether it was seeking an entry of default pursuant to Federal Rule of Civil Procedure 55(a) or a default judgment pursuant to Rule 55(b), stating only that it "is entitled to default judgment." ECF No. 8, at 1. On November 1, 2022, the Clerk of the Court made an entry of default. ECF No. 9. To date, Defendant has not pled or otherwise defended the action, and Plaintiff's instant motion (ECF No. 8) remains pending.

### II. DISCUSSION

Rule 55 of the Federal Rules of Civil Procedure outlines a two-step process by which a party

may obtain a default judgment. The party must first seek an entry of default from the Clerk of the Court, "submitting the required proof that the opposing party has failed to plead or otherwise defend." *Canopius Capital Two Ltd. v. Jeanne Estates Apartments, Inc.*, No. 4:16-cv-4032, 2018 WL 8370331, at *2 (W.D. Ark. Mar. 21, 2018); *see also* Fed. R. Civ. P. 55(a). Once the Clerk of the Court has made an entry of default, "the moving party may seek entry of judgment on the default under either subdivision (b)(1) or (b)(2) of [Rule 55]." *Canopius Capital Two Ltd.*, 2018 WL 8370331, at *2; *see also* Fed. R. Civ. P. 55(b). However, it is the law of the Eighth Circuit that "entry of default under Rule 55(a) *must* precede grant of a default judgment under Rule 55(b)." *Johnson v. Dayton Elec. Mfg. Co.*, 140 F.3d 781, 783 (8th Cir. 1998) (emphasis added); *see also Canopius Capital Two Ltd.*, 2018 WL 8370331, at *2 ("Consequently, the clear weight of authority within this circuit is that it is procedurally improper for a party to move for default judgment before seeking entry of default from the clerk."). "Although the Court recognizes that the process is somewhat inefficient, the law is clear that the steps outlined in Rule 55 must be performed separately." *Canopius Capital Two Ltd.*, 2018 WL 8370331, at *2.

The Plaintiff has obtained an entry of default from the Clerk of Court pursuant to Rule 55(a) (ECF No. 9), so the Court may now consider its Motion for Default Judgment (ECF No. 8) pursuant to Rule 55(b). Where a party fails to appropriately respond in a timely manner, the Court may enter a default judgment against that party. *See Inman v. Am. Home Furniture Placement, Inc.*, 120 F.3d 117, 119 (8th Cir. 1997); *see also Rack v. Schwartz*, 2021 WL 6620699, at *1 (E.D. Ark. Dec. 22, 2021) ("Rule 55(b) provides that a 'default judgment may be entered against a party who has defaulted "for not appearing."'" (citation omitted)). The Eighth Circuit "has not articulated specific factors that must be considered in determining whether a Rule 55(b) motion for default judgment for failure to defend should be granted." *Ackra Direct Mktg. Corp. v. Fingerhut Corp.*, 86 F.3d 852, 857 (8th Cir. 1996). However, the Eighth Circuit has instructed the Court to accept as true factual allegations contained in the complaint and to "consider whether the unchallenged facts constitute a legitimate cause of action,

since a party in default does not admit mere conclusions of law." *Murray v. Lene*, 595 F.3d 868, 871 (8th Cir. 2010) (citation omitted).

Here, the unchallenged facts are that Defendant "manufactures, produces and sells cross laminated timber matting," which Plaintiff purchased for its customer's use. ECF No. 3, at 2. The timber matting "proved to be defective due to material delamination." ECF No. 3, at 2. The defective nature of Defendant's timber matting prevents Plaintiff's customer from utilizing that timber matting. ECF No. 3, at 2. Therefore, Plaintiff brings a breach of contract claim, alleging that the sale of defective timber matting "is a breach of the purchase order contract between [Plaintiff] and [Defendant]." ECF No. 3, at 2-3. Plaintiff also brings a breach of implied warranty claim, arguing that "the inherently defective . . . mats violate implied warranties of merchantability which the law applies to transactions such as the one in question between the parties." ECF No. 3, at 2. After reading the pleadings and papers on file, the Court finds that Plaintiff has alleged sufficient facts to support a legitimate cause of action against Defendant for breach of contract and breach of implied warranty.

After finding that default judgment is appropriate, the Court must ascertain the amount and character of the recovery. *See* Fed. R. Civ. P. 55(b)(2)(B). A default judgment may be entered on a sum certain upon the plaintiff's request, when supported by an affidavit showing the amount due. *See* Fed. R. Civ. P. 55(b)(1). Plaintiff asks that the Court enter default judgment in the amount of $465,260, which includes the amount paid by Plaintiff to Defendant for the defecting timber matting, freight costs, and labor expenses. ECF No. 8, at 1. Plaintiff also seeks attorney's fees in the amount of $3,000 and its cost. ECF No. 8, at 2. In support, Plaintiff submits an affidavit from Janet Sperry, Plaintiff's Chief Executive Officer. ECF No. 8-1.

First, because the requested amounts are ascertainable from Plaintiff's evidence, an evidentiary hearing on damages is unnecessary. *See Taylor v. City of Ballwin*, 859 F.2d 1330, 1332-33 (8th Cir. 1988). Next, looking to the affidavit, Sperry states that "[a]s a result of the sale of defective mats," Plaintiff "has incurred damages in the amount of $465,260." ECF No. 8-1. She further explains that

3

"[t]his amount includes the amount paid for the defective mats, freight expenses incurred to ship the defective mats to the State of Washington[,] and the labor costs incurred to install and remove the defective mats." ECF No. 8-1. The Court is satisfied that the affidavit establishes Plaintiff's requested sum certain of $465,260. Therefore, the Court will award that amount.

Finally, insofar as Plaintiff requests $3,000 in attorney's fees, it is Plaintiff's "burden to prove that its request for attorney's fees is reasonable." *Baker v. John Morrell & Co.*, 263 F. Supp. 2d 1161, 1189 (N.D. Iowa May 21, 2003). "To meet its burden, the fee petitioner must 'submit evidence supporting the hours worked and rates claimed.'" *Id.* (quoting *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983)). More specifically, pursuant to the Western District of Arkansas's local rules, the party seeking recovery of attorney's fees "shall attach to his motion an affidavit setting out the time spent in the litigation and factual matters pertinent to the petition for attorney's fees." W.D. Ark. Local Rule 54.1(c).

The Court, relying on the fee petitioner's evidence, must "first calculate a lodestar, by multiplying the number of hours reasonably expended on litigation by a reasonable hourly rate" before "then consider[ing] whether the lodestar amount should be reduced, based on appropriate considerations." *Jones v. RK Enters. of Blytheville, Inc.*, 632 F. App'x 306, 307 (8th Cir. 2016) (per curiam). These considerations include:

> (1) the time and labor required; (2) the novelty and difficulty of the questions; (3) the skill requisite to perform the legal service properly; (4) the preclusion of employment by the attorney due to acceptance of the case; (5) the customary fee; (6) whether the fee is fixed or contingent; (7) time limitations imposed by the client or the circumstances; (8) the amount involved and the results obtained; (9) the experience, reputation, and ability of the attorneys; (10) the "undesirability" of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases.

*Hensley*, 461 U.S. at 430 n.3.

Although Plaintiff submitted Sperry's affidavit in support of its request for attorney's fees, Sperry states only that "[Plaintiff] has also incurred $3,000.00 in attorney's fees to pursue this matter."

ECF No. 8-1.  Plaintiff did not submit evidence that the Court can rely on when determining whether $3,000 is a reasonable sum, such as evidence of the number of hours expended, the applicable hourly rate, or the nature of that rate, meaning whether the rate is fixed or contingent.  *See Hensley*, 461 U.S. at 430 n.3; *see also* W.D. Ark. Local Rule 54.1(c).   Ultimately, Plaintiff has not satisfied its burden.  *Baker*, 263 F. Supp. 2d at 1189.  Absent any showing that an award of attorney's fees is justified and that the requested amount is reasonable, the Court declines to grant Plaintiff's request.

### III.  CONCLUSION

Accordingly, Plaintiff's Motion for Default Judgment (ECF No. 8) is **GRANTED IN PART AND DENIED IN PART**.  The motion is granted insofar as Plaintiff seeks default judgment and a sum certain of $465,260.  However, the motion is denied insofar as Plaintiff seeks attorney's fees in the amount of $3,000.  Plaintiff may resubmit its request for attorney's fees, along with the requisite documentation, and the Court will reconsider whether attorney's fees should be awarded.

**IT IS SO ORDERED**, this 8th day of December, 2022.

/s/ Susan O. Hickey
Susan O. Hickey
Chief United States District Judge