IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
EL DORADO DIVISION

DAKOTA MATTING AND
ENVIRONMENTAL SOLUTIONS, LLC                                          PLAINTIFF

v.                                    Case No. 1:22-cv-1048

TEXAS CLT, LLC                                                        DEFENDANT

## ORDER

Before the Court is Plaintiff Dakota Matting and Environmental Solutions, LLC's Motion for Entry of Final Judgment. ECF No. 11. No response is necessary, and the matter is ripe for consideration.

### I. BACKGROUND

On August 17, 2022, Plaintiff filed this action against Defendant Texas CLT, LLC. ECF No. 3. Plaintiff brings a breach of contract claim and a breach of implied warranty claim, alleging that Defendant sold defective timber matting to Plaintiff. On August 22, 2022, Plaintiff served its complaint and summons on Defendant. ECF No. 7. On October 3, 2022, Plaintiff filed a motion asking the Court to enter default judgment against Defendant in the amount of $465,260, along with attorney's fees in the amount of $3,000 and "its cost." ECF No. 8, at 2. On November 1, 2022, the Clerk of the Court made an entry of default. ECF No. 9. Then, on December 8, 2022, this Court granted Plaintiff's motion for default judgment "insofar as Plaintiff [sought] default judgment and a sum certain of $465,260." ECF No. 10, at 5. However, the Court denied Plaintiff's motion "insofar as Plaintiff [sought] attorney's fees in the amount of $3,000," as Plaintiff did not make the requisite "showing that an award of attorney's fees [was] justified and that the requested amount [was] reasonable." ECF No. 10, at 5. However, the Court noted that "Plaintiff may resubmit its request for attorney's fees, along with the requisite documentation, and the Court will reconsider whether

attorney's fees should be awarded." ECF No. 10, at 5.

Plaintiff now resubmits its request for attorney's fees and related costs, although this time, Plaintiff requests attorney's fees totaling $6,203.00. ECF No. 11. Plaintiff seeks costs in the amount of $410.06. In support of its motion, Plaintiff submits an affidavit authored its attorney, Mr. Kevin A. Crass. ECF No. 11. Defendant does not oppose the instant motion and, to date, has not otherwise responded to the instant matter.

## II. DISCUSSION

As stated in the Court's previous order (ECF No. 10), it is Plaintiff's "burden to prove that its request for attorney's fees is reasonable." *Baker v. John Morrell & Co.*, 263 F. Supp. 2d 1161, 1189 (N.D. Iowa May 21, 2003). "To meet its burden, the fee petitioner must 'submit evidence supporting the hours worked and rates claimed.'" *Id.* (quoting *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983)). More specifically, pursuant to the Western District of Arkansas's local rules, the party seeking recovery of attorney's fees "shall attach to his motion an affidavit setting out the time spent in the litigation and factual matters pertinent to the petition for attorney's fees." W.D. Ark. Local Rule 54.1(c).

The Court, relying on the fee petitioner's evidence, must "first calculate a lodestar, by multiplying the number of hours reasonably expended on litigation by a reasonable hourly rate" before "then consider[ing] whether the lodestar amount should be reduced, based on appropriate considerations." *Jones v. RK Enters. of Blytheville, Inc.*, 632 F. App'x 306, 307 (8th Cir. 2016) (per curiam). These considerations include:

> (1) the time and labor required; (2) the novelty and difficulty of the questions; (3) the skill requisite to perform the legal service properly; (4) the preclusion of employment by the attorney due to acceptance of the case; (5) the customary fee; (6) whether the fee is fixed or contingent; (7) time limitations imposed by the client or the circumstances; (8) the amount involved and the results obtained; (9) the experience, reputation, and ability of the attorneys; (10) the "undesirability" of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases.

*Hensley*, 461 U.S. at 430 n.3. When determining reasonable hourly rates, district courts may rely

on their own experience and knowledge of prevailing market rates. *Hanig v. Lee*, 415 F.3d 822, 825 (8th Cir. 2005).

Here, Plaintiff requests attorney's fees in the amount of $6,203. ECF No. 11. Plaintiff's counsel states that "to date Plaintiff has incurred fees in the amount of $6,203.00 which consists of 14 hours at a rate of $395.00 per hour and 2.75 hours at $275.00 per hour for Joshua Ashley," who the Court presumes is an associate attorney at Mr. Crass's firm. ECF No. 11, at 1. In his supporting affidavit, Mr. Crass states that he has practiced law since 1984, and based on that experience, his "customary hourly rate during 2022 was $395.00 per hour." ECF No. 11, at 3. In Plaintiff's motion, Plaintiff, through counsel, indicates that "the hourly rates are customary fees" and that "the fees agreed to by the Plaintiff in this case was a noncontingent hourly rate." ECF No. 11, at 1. Additionally, Plaintiff, through counsel, states that "[g]iven the relatively small amount of time required to obtain default, counsel cannot say that it precluded employment in other matters." ECF No. 11, at 2. In his affidavit, Mr. Crass states that "[w]hen [he] was hired to pursue this matter alleging defective mats sold by the Defendant, it was not clear to [him] that the matter would not evolve into one of more complexity." ECF No. 11, at 3.

Plaintiff has provided the Court with sufficient evidence to support the requested amount of attorney's fees. Plaintiff submits the number of hours expended, the applicable hourly rate of the two attorneys who worked on the matter, the experience (39 years) of the primary attorney assigned to the matter. *See Hensley*, 461 U.S. at 430 n.3; *see also* W.D. Ark. Local Rule 54.1(c). Plaintiff also notes the nature of the fee agreed upon, the result obtained, and the relative haste with which a default judgment was obtained. *See* ECF No. 11.

Although Plaintiff and its attorney do not provide the Court with evidence regarding the prevailing rate in the community for services similar to those performed in this matter, the Court may rely on its own experience and knowledge of prevailing market rates. *Hanig*, 415 F.3d at 825.

In doing so, and in the absence of any opposition, the Court finds that the rates of Plaintiff's counsel ($350 for Mr. Crass and $275 for Mr. Ashley) are reasonable. Accordingly, the Court sees no factor warranting an upward or downward adjustment of the requested $6,203 amount. Similarly, absent any opposition, the Court finds that the requested $410.06 in costs is reasonable and will be allowed.[1]

### III.  CONCLUSION

Accordingly, the Court finds that Plaintiff's instant motion (ECF No. 11) should be and hereby is **GRANTED**.

**IT IS SO ORDERED**, this 28th day of July, 2023.

/s/ Susan O. Hickey
Susan O. Hickey
Chief United States District Judge

---

[1] The Court notes, for counsel's future reference, that providing the Court with an itemized billing sheet is standard practice and is helpful to the Court. *See, e.g.*, *Cmty. State Bank v. Wilson*, No. 4:18-cv-4078, 2019 WL 5596416, at *3-4 (W.D. Ark. Oct. 30, 2019) (looking to itemized billing sheet when considering reasonableness of requested fees and costs). Nevertheless, the Court finds that Plaintiff and his counsel provide sufficient information for the Court to grant Plaintiff's motion for attorney's fees and costs, particularly because the motion is unopposed.